UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

LORRAINE EMMONS,

                        Plaintiff,        **COMPLAINT AND
                                          DEMAND FOR JURY TRIAL**

        -vs-

                                     Civil Action No.  3:16-CV-1114
BROOME COUNTY,                                         (DNH/DEP)

                        Defendant.

      Plaintiff LORRAINE EMMONS, as and for her complaint against Defendant, BROOME COUNTY, shows this Court the following:

## NATURE OF THE ACTION

      1.     Lorraine Emmons brings this lawsuit against her former employer, Broome County, New York, for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112 – 12117, and Article 15 of the Executive Law of the State of New York, the New York Human Rights Act. Emmons is filing this discrimination complaint because she endured disability discrimination and retaliation at work. Lorraine Emmons worked as the Executive Assistant to the Broome County Executive, Debra Preston, from January 1, 2012 until Defendant terminated her on December 29, 2013.

      2.     Plaintiff seeks injunctive and declaratory relief, as well as monetary damages, for the harm caused to her by the willful actions of Defendant that violated the Americans with Disabilities Act and the New York Human Rights Act.

## JURISDICTION AND VENUE

3.  The Court has jurisdiction over this action pursuant to 29 U.S.C. § 1331, *et seq.*, because the suit arises under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112 – 12117. The administrative prerequisites to suit are satisfied because Plaintiff filed administrative charges with the Equal Employment Opportunity Commission and the New York State Division of Human Rights. Plaintiff's Notice of Right to Sue is attached, and this action is timely filed.

4.  The Court has jurisdiction over Plaintiff's remaining claims pursuant to 29 U.S.C. § 1367, because they are state law claims that form part of the same case or controversy as Plaintiff's federal claims.

5.  Venue properly lies within this judicial district pursuant to 29 U.S.C. § 1391(b) as the Defendant committed its unlawful practices in this district, Defendant is a local governmental entity in this district, and Plaintiff resides in this district.

## PARTIES

**A.  Plaintiff**

6.  During the relevant period of this lawsuit, Plaintiff Lorraine Emmons was employed by Defendant Broome County as the Executive Assistant to the Broome County Executive, Debra Preston. Plaintiff resides in Binghamton, New York.

**B.  Defendant**

7.  Broome County, New York, was Plaintiff's employer during the relevant period of this lawsuit pursuant to the Americans with Disabilities Act and the New York Human Rights Act.

## FACTUAL BACKGROUND

8. Plaintiff began work for Respondent Broome County on January 1, 2012. When Preston was elected county executive, the County hired Plaintiff to be Preston's executive assistant.

9. Plaintiff performed her work duties as an executive assistant in a diligent and skillful manner throughout her employment.

10. On or about September 28, 2013, plaintiff had a heart attack and was hospitalized. Her disability caused her to take leave from work. Throughout her absence from work, Plaintiff continued to work remotely and kept in contact with her employer.

11. Plaintiff was cleared to return to work on or about October 15, 2013, and she returned to work without any disability related restrictions.

12. Within the first week of Plaintiff's return to work, Plaintiff's boss, County Executive Debra Preston, came into her office and stated to Plaintiff "If you think I can provide you with a stress free environment in the office, well I can't." She then walked away angry without saying anything further. Plaintiff had not requested any sort of stress accommodation from her employer.

13. Plaintiff did request, and was granted, two hours off, three days per week, for a limited period of time so that she could attend cardiac rehabilitation appointments for her disability.

14. Plaintiff also met with Tom Behan, the personnel director for the County about using the employee sick bank to attend her rehabilitation appointments. When Plaintiff advised County Executive Preston that she had done this, Preston became very upset.

15. On or about December 11, 2013, Plaintiff was called into the office of Deputy County Executive John Bernardo. He told Plaintiff that she should consider moving to the receptionist position for her health, and having the receptionist do some of her duties. The receptionist position is a less important position than her position as executive assistant.

16. When Plaintiff questioned him as to why she was being asked to move, she was advised that the county had concerns about phone coverage. Bernardo confirmed to her that there were no issues with her work performance, which had not been impacted by her disability-related leave. Plaintiff told Bernardo that she felt targeted and was worried that they were trying to get rid of her. She said she felt like a pariah in the office, and she did not know why she was being treated this way. When Plaintiff objected to being moved to the receptionist position, Bernardo told her that she was an "at-will" employee, and if they wanted to get rid of her they could just let her go. Plaintiff also argued that doing both jobs would add to her work and not relieve any stress.

17. Plaintiff considered the move to receptionist to be a demotion from her position as Executive Assistant to the County Executive.

18. On or about December 12, 2013, Plaintiff advised County Executive Preston that she did not want to move to the receptionist position. Preston told Plaintiff that the change was for her health.

19. On or about December 16, 2013, Plaintiff came into work and found that her office has been cleaned out and her belongings and chair were at the receptionist desk, despite her objection to moving to the receptionist position. When Plaintiff's coworkers saw that she had been moved, they asked her questions such as "What did you do wrong?" because they thought that she had been demoted.

-5-

20. Plaintiff was forced to show the former receptionist how to do her executive assistant job duties as there was a public hearing scheduled for the following day. Plaintiff was upset that she had been moved without her knowledge and consent. Later that evening Plaintiff called the former receptionist and apologized for being short with her when she was showing her the job duties, because she had been upset.

21. Plaintiff received an email that evening from Deputy County Executive Bernardo telling her to move back to her old position. When Plaintiff arrived at work the next day, December 17, 2013, Bernardo said that it has been obvious that she had been angry about the move to the receptionist position.

22. That same day County Executive Preston called a mandatory staff meeting. In the meeting, she singled out every employee and told them how well they were performing their jobs, except she pointedly left Plaintiff out from her praise. She looked at Plaintiff and stated "I'm the County Executive and if anyone doesn't like it, they can leave." She then threw the employee handbook on the table stating "Merry freaking Christmas" and walked out. It was obvious to Plaintiff that this reaction on the part of the county executive was directed toward her.

23. After this, the County Executive Preston refused to speak to Plaintiff unless she needed her very specific assistance. Prior to Plaintiff's heart attack, the County Executive had been very friendly to Plaintiff, and they often went to lunch and shopping together.

24. Plaintiff took vacation on or about December 23, 2013, and was scheduled to return on December 30, 2013. On or about December 29, 2013, Plaintiff was called into the County Office on a Sunday afternoon by Deputy County Executive Bijoy Datta. Datta advised Plaintiff that she was being let go because County Executive Preston's life was complicated enough

without Plaintiff adding to it. Datta asked plaintiff to turn in her keys and badge, and to remove her belongings from the office.

25. Plaintiff was targeted for demotion, and then discharged when she voiced displeasure at her demotion, because of her disability, her history of disability, and because Respondent regarded her as being disabled. Plaintiff was able and willing to perform all the essential functions of her job with or without reasonable accommodation.

26. On February 6, 2014, Plaintiff filed EEOC charge # 525-2014-00243, alleging discrimination based on disability by Respondent Broome County.

27. Following the filing of her charge, Plaintiff was subjected to derogatory remarks made in public forums by Bijoy Datta, the Broome County Deputy Executive, who had terminated her. Mr. Datta is also the chairman of the Broome County Republican Committee.

28. On or about April 14, 2014, Mr. Datta published a statement regarding Plaintiff on the Broome County Republican Party Website and the Broome County GOP Facebook. He also sent the statement out as a mass email to Broome County Republicans. The statement read as follows:

> Apparently, the Press & Sun Bulletin is running a sensationalized story about a political campaign that I worked on a few years ago. In it, an " anonymous" source shares private emails to assert that I coerced employees into helping on a campaign.
>
> So, now the rest of the story.
>
> I've been fortunate enough to have had the opportunity to supervise and manage many employees over the years. Most of them were really great. Regrettably, a few were not. When that happens, it's in the best interest of everyone involved if the relationship is terminated. One such instance was when the County had to fire Lorraine Emmons in 2013.

> Sadly, when that happens, the terminated employees sometimes feels the need to strike back . . . [by providing anonymous emails].

> \* \* \*

29. Deputy County Executive Datta's statement falsely said that Plaintiff was terminated because of poor performance, and asserted that Plaintiff provided confidential emails to get back at Datta for terminating her. This statement was untrue and made in retaliation for Plaintiff's charge of disability discrimination, and because Plaintiff's complaint of disability discrimination reflects negatively on the administration of the County Executive, Debra Preston.

30. Plaintiff was very proud of the work she did for Defendant, and anticipated a long career with the County.

31. The discrimination and retaliation Plaintiff experienced has seriously affected her career.

32. As a result of the above-referenced wrongful conduct, Plaintiff has been deprived of wages and benefits.

33. The Defendant's actions also caused Plaintiff to suffer extreme mental anguish, medical problems, and financial loss.

## FIRST CAUSE OF ACTION

### Americans With Disabilities Act - Discrimination

34. Plaintiff realleges and incorporates paragraphs 1 through 33 as if fully set forth herein.

35. By its above-stated conduct, Defendant discriminated against Plaintiff in violation of the Americans with Disabilities Act.

## SECOND CAUSE OF ACTION

### Americans with Disabilities Act – Retaliation

36. Plaintiff realleges and incorporates paragraphs 1 through 35 as if fully set forth herein.

37. By its above-stated conduct, Defendant retaliated against Plaintiff after she asserted her right to a workplace free of discrimination guaranteed by the Americans with Disabilities Act. Defendant changed Plaintiff's terms and conditions of employment in retaliation for complaining about the discrimination she was subjected to, and further retaliated against her after her employment ended.

## THIRD CAUSE OF ACTION

### New York Human Rights Act Cause of Action – Disability Discrimination

38. Plaintiff realleges and incorporates paragraphs 1 through 37 as if fully set forth herein.

39. By its above-stated conduct, Defendant discriminated against Plaintiff in violation of the New York Human Rights Act.

## FOURTH CAUSE OF ACTION

### New York Human Rights Act Cause of Action – Retaliation

40. Plaintiff realleges and incorporates paragraphs 1 through 39 as if fully set forth herein.

41. By its above-stated conduct, Defendant retaliated against Plaintiff after she asserted her right to a workplace free of disability discrimination guaranteed by the New York Human

Rights Act. Defendant changed Plaintiff's terms and conditions of employment in retaliation for complaining about the discrimination Defendant subjected her to, and further retaliated against her after her employment ended.

## DAMAGES

42. As a direct and proximate result of Defendant's conduct, Plaintiff suffered the following injuries and damages:

    a. Plaintiff seeks compensation for all lost wages and benefits.

    b. Plaintiff suffered severe mental anguish and emotional trauma resulting from the incidents of harassment, retaliation, and assault she experienced.

    c. Plaintiff suffered monetary losses to treat the conditions she developed as a result of Defendant's conduct.

    d. Plaintiff suffered harm to her career and work prospects.

## ATTORNEY'S FEES

43. Plaintiff is entitled to an award of attorney's fees and costs under the Americans with Disabilities Act.

## DEMAND FOR A JURY TRIAL

44. Plaintiff demands a jury to hear and decide all issues of fact.

**DATED:** September 13, 2016

                                                  COSTELLO, COONEY & FEARON, PLLC

                                                  _____
                                                  Jim Barna
                                                  Bar Roll No. 515417
                                                  Attorneys for the Plaintiff
                                                  500 Plum Street, Suite 300
                                                  Syracuse, New York 13204-1401
                                                  Telephone: (315) 422-1152



**U.S. Department of Justice**

Civil Rights Division

---

*Disability Rights Section - NYA*
*950 Pennsylvania Ave, NW*
*Washington, DC 20530*

**JUN 1 6 2016**

DJ# 205-51-0

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Ms. Lorraine Emmons
3274 Jackson Road
Binghampton, NY 13903

| | | |
|---|---|---|
| Re: | EEOC Charge Against: | Broome County Attorney's Office |
| | EEOC No.: | 525-2014-00243 |
| | DJ#: | 205-51-0 |

Dear Ms. Emmons:

### NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

It has been determined that the Department of Justice will not file suit on the above-referenced charge of discrimination that was referred to us by the Equal Employment Opportunity Commission (EEOC). This should not be taken to mean that the Department of Justice has made a judgment as to whether or not your charge is meritorious.

You are hereby notified that conciliation on your case was unsuccessful by the EEOC. <u>You are further notified that you have the right to institute a civil action under Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12111, et seq., against the above-named respondent. If you choose to commence a civil action, such suit must be filed in the appropriate court within 90 days of your receipt of this Notice.</u>

Therefore, if you wish to pursue this matter, you should consult an attorney at your earliest convenience. If you are unable to locate an attorney, you may wish to contact the EEOC or apply to the appropriate court, since that court may appoint an attorney in appropriate circumstances under Section 706(f)(1) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1), referenced in Section 107(a) of the ADA, 42 U.S.C. § 2117(a).

We are returning the files in this matter to EEOC's District Office. If you or your attorney, have any questions concerning this matter or wish to inspect the investigative file, please address your inquiry to:

Kenneth An
District Director
Equal Employment Opportunity Commission
Boston Area Office
John F. Kennedy Federal Building
Government Center, Room 475
Boston, MA 02202

Enclosed you will find a list of state resources and a Notice of Rights under the ADA Amendments Act of 2008 (ADAAA).

We are forwarding a copy of this Notice of Right to Sue to the Respondent in this case.

Sincerely,

Vanita Gupta
Principal Deputy Assistant Attorney General

BY: /s/ Amanda Maisels
Amanda Maisels
Deputy Chief
Disability Rights Section

Enclosure:
    New York State Resources
    Notice of Rights under the ADAAA

cc:   Broome County Attorney's Office
      Robert G. Behnke, County Attorney
      EEOC-Boston Area Office

2